IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO SOTO, | No. C 09-4575 MMC (PR) |
| Plaintiff, | Ninth Circuit Case No. 10-16110 |
| v. | **ORDER GRANTING MOTION TO REOPEN TIME TO FILE APPEAL UNDER FED. R. APP. P. 4(a)(6); GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL; DIRECTIONS TO CLERK** |
| KEITH A. SUGAR, | |
| Defendant. | |

**(Docket Nos. 9 & 16)**

On September 28, 2009, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Together with his complaint, plaintiff filed an incomplete application to proceed in forma pauperis ("IFP"). That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved IFP application. Specifically, in said notice, plaintiff was advised that he must submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison, and must attach a copy of his prisoner trust account statement showing transactions for the last six months. Plaintiff was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would

result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

When more than thirty days had passed since the deficiency notice was sent to plaintiff and he had not filed a completed IFP application or paid the filing fee, the Court, by order filed November 13, 2009, dismissed the action without prejudice. (Docket No. 5.)[1] Judgment was entered that same date.

On November 23, 2009, the envelope containing copies of the Court's orders dismissing the action and entering judgment, sent by the Clerk to plaintiff at his last known address, was returned as undeliverable. (Docket No. 8.)

On February 24, 2010, plaintiff filed a motion for reconsideration, in which he stated he had only recently learned, after requesting a status update on his case, that the action had been dismissed and that the envelope containing the order of dismissal mistakenly had been returned by prison officials as undeliverable. Consequently, plaintiff moved the Court for the opportunity to "respond" to the order of dismissal. (Docket No. 9.)

Thereafter, plaintiff filed a notice of appeal; on May 13, 2010, the Clerk transmitted the file to the Ninth Circuit. (Docket No. 13.) On June 7, 2010, plaintiff filed a request to proceed in forma pauperis on appeal.

On June 21, 2010, the Ninth Circuit remanded the appeal to this Court for the limited purpose of allowing the Court to rule on plaintiff's above-noted motion for reconsideration, which motion the Ninth Circuit has construed as a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

Rule 4(a)(6) provides a limited exception to the usual thirty days to appeal in cases in which the prospective appellant did not learn of entry of judgment in time to file a notice of appeal. Specifically, Rule 4(a)(6) provides:

---

[1] On October 8, 2009, plaintiff filed a renewed application to proceed in forma pauperis. As with the original application filed by plaintiff, however, the renewed application was incomplete, as neither a Certificate of Funds in Prisoner's Trust Account nor a copy of plaintiff's trust account statement was included therewith. (See Docket No. 4.)

>The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
>(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
>(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)-(C).

The Court finds plaintiff meets all three conditions to qualify for relief under Rule 4(a)(6). In particular: (1) plaintiff did not receive notice under Rule 77(d) of the Court's order of dismissal within 21 days after judgment was entered, because plaintiff's mail mistakenly was returned to the court as undeliverable; (2) plaintiff's motion was filed within 180 days of the entry of judgment; and (3) no party would be prejudiced by reopening of the time to file an appeal.

Accordingly, plaintiff's motion to reopen the time to file an appeal is hereby GRANTED. **<u>Plaintiff, within fourteen (14) days of the date this order is filed, may file a timely notice of appeal in this court. See Fed. R. App. P. 4(a)(6).</u>** Plaintiff's notice of appeal will be deemed timely if it is deposited in the prison's internal mail system on or before the last day for filing. See Fed. R. App. P. 4(c)(1).

Plaintiff also seeks leave to proceed in forma pauperis on appeal. (Docket No. 16.) Good cause appearing, plaintiff's request is hereby GRANTED.

The Clerk shall serve a copy of this order on the Ninth Circuit.

This order terminates Docket Nos. 9 and 16.

IT IS SO ORDERED.

DATED: June 28, 2010

_____
MAXINE M. CHESNEY
United States District Judge