IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO SOTO,<br><br>            Plaintiff,<br><br>     v.<br><br>KEITH A. SUGAR,<br><br>            Defendant.<br>_____ | No. C 09-4575 MMC (PR)<br><br><u>Ninth Circuit Case No. 10-16110</u><br><br>**ORDER ON REMAND;<br>DIRECTIONS TO CLERK** |

On September 28, 2009, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Together with his complaint, plaintiff filed an incomplete application to proceed in forma pauperis ("IFP"). That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved IFP application. Specifically, in said notice, plaintiff was advised that he must submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison, and must attach a copy of his prisoner trust account statement showing transactions for the last six months. Plaintiff was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, plaintiff was sent a copy of the

court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

When more than thirty days had passed since the deficiency notice was sent to plaintiff, the Court, by order filed November 13, 2009, dismissed the action without prejudice. Judgment was entered that same date.

Plaintiff appealed. In a memorandum filed November 21, 2011, the Ninth Circuit found plaintiff had properly filed a copy of his prisoner trust account statement on September 28, 2009 and had properly filed the remainder of his IFP application on October 8, 2009. Accordingly, the Ninth Circuit vacated the judgment and remanded for further proceedings. The mandate from the Ninth Circuit issued on December 20, 2011.

For the reasons discussed below, the Court finds plaintiff's claims remain subject to dismissal.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id</u>. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

The sole defendant in this action is an attorney, Keith Sugar ("Sugar"), who was appointed to represent plaintiff in state habeas corpus proceedings. Plaintiff alleges that

2

Sugar delayed in obtaining trial transcripts, failed to file a supplemental state habeas petition, and failed to provide plaintiff with copies of certain legal documents. As relief, plaintiff seeks an order directing Sugar to return legal documents, provide copies of investigative reports, and cease all work on plaintiff's behalf.

For purposes of § 1983, public defenders, as well as private lawyers appointed to serve as counsel, do "not act under color of state law," because their loyalty is not to the appointing authority but to their clients. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Sugar thus was not acting under color of state law, and, consequently, plaintiff has failed to state a claim against him. Because nothing plaintiff could allege would change this fact, the claims will be dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims are hereby DISMISSED with prejudice.

2. The Clerk shall enter judgment for defendant and close the file.

3. The Clerk shall forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED: January 10, 2012

MAXINE M. CHESNEY
United States District Judge