IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTIAGO SOTO, ) No. C 09-4575 MMC (PR)
        Plaintiff, )
    ) **ORDER REVOKING IN FORMA**
  v. ) **PAUPERIS STATUS ON APPEAL;**
    ) **DIRECTIONS TO CLERK**
KEITH A. SUGAR, )
        Defendant. )
_____)

        On September 28, 2009, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. The sole defendant in this action is an attorney, Keith Sugar ("Sugar"), who was appointed to represent plaintiff in state habeas corpus proceedings.

        On November 13, 2009, the Court dismissed the complaint due to plaintiff's failure to either file a completed application to proceed in forma pauperis ("IFP") or, alternatively, to pay the filing fee. Plaintiff appealed. In a memorandum decision filed November 21, 2011, the Ninth Circuit found plaintiff had properly filed a copy of his prisoner trust account and thereafter had properly filed the remainder of his IFP application prior to the court-ordered deadline. Accordingly, the Ninth Circuit vacated the judgment and remanded for further proceedings.

On remand, the Court found plaintiff's claims remained subject to dismissal, on the ground that public defenders do not act under color of state law, and, consequently, they are not proper defendants under 42 U.S.C. § 1983.  See West v. Atkins, 487 U.S. 42, 48 (1988); Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).  Accordingly, on January 10, 2012, the action was dismissed for a second time.

Plaintiff has again filed a notice of appeal.  The United States Court of Appeals for the Ninth Circuit has referred the case to this Court for a determination as to whether plaintiff's IFP status should be revoked.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed IFP in the district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith.  Section 1915(a)(3) of Title 28 of the United States Code similarly provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith.  "Not taken in good faith" means "frivolous."  Ellis v. United States, 356 U.S. 674, 674-75 (1958); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002).

The Court finds the instant appeal is frivolous and not taken in good faith.  Accordingly, plaintiff's IFP status is hereby REVOKED.

The Clerk shall send a copy of this Order to the parties and to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED: April 6, 2012

_____
MAXINE M. CHESNEY
United States District Judge